# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **HENRY ROBINSON** | **DOCKET NO. _____** |
| **VERSUS** | **JUDGE _____** |
| **ELDORADO RESORTS, INC., ET AL.** | **MAGISTRATE JUDGE _____** |

## NOTICE OF REMOVAL AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, come ELDORADO CASINO SHREVEPORT JOINT VENTURE (hereinafter referred to as "defendant" or "Eldorado") (erroneously identified by plaintiff as Eldorado Resorts, Inc., Eldorado Shreveport #1, LLC, Eldorado Shreveport #2, LLC, and Thomas R. Reeg), ELDORADO RESORTS, INC., ELDORADO SHREVEPORT #1, LLC, ELDORADO SHREVEPORT #2, LLC, and THOMAS R. REEG (collectively "Eldorado" or "defendants"), defendants in the above entitled cause, and appearing solely for the purpose of presenting this Notice of Removal of the above entitled cause to this Honorable Court under the provisions of 28 U.S.C. § 1441, *et seq*., and reserving all rights, respectfully show as follows:

1.

This suit was filed by plaintiff, HENRY ROBINSON, ("plaintiff") in the First Judicial District Court, Caddo Parish, Louisiana, on the 24th day of July, 2020.

2.

Defendants were served with citation and a certified copy of the petition on August 5, 2020. Plaintiff later filed an Amended Petition on August 25, 2020, and an Answer was filed on behalf of defendants in the state court proceeding on September 3, 2020.

3.

Defendants allege that plaintiff is a resident, citizen, and domiciliary of the State of Louisiana.

4.

This action is of a civil nature at law. At the time plaintiff's Petition was filed, defendant ELDORADO CASINO SHREVEPORT JOINT VENTURE was and is a limited partnership.[1] The managing partner of ELDORADO CASINO SHREVEPORT JOINT VENTURE is Eldorado Shreveport #1, LLC, a Nevada limited liability company. The limited partner of ELDORADO CASINO SHREVEPORT JOINT VENTURE is Eldorado Shreveport #2, LLC, a Nevada limited liability company. The sole member of both Eldorado Shreveport #1, LLC and Eldorado Shreveport #2, LLC is Eldorado

---

[1] The Supreme Court held in *Carden v. Arkoma Associates,* 110 S.Ct. 1015 (1990) that diversity of citizenship when a limited partnership is a party is determined by considering the citizenship of each partner, both limited and general. Neither the state of organization nor principal place of business is relevant. *Bozman v. Shreveport Doctor's Hospital, et al.*, 2006 WL 2524161, *1 (W.D. La. 2006).

Resorts, Inc., a Nevada corporation with its principal place of business located in the State of Nevada.

5.

At the time plaintiff's Petition was filed, defendant, Thomas R. Reeg, was and is now a resident, citizen, and domiciliary of the State of Nevada.

6.

Schindler Elevator Corporation ("Schindler") is a Delaware corporation with its principal place of business in the State of New Jersey. Schindler was added to the lawsuit in the Amended Petition, served on Schindler on October 16, 2020, and Schindler filed its Answer on November 13, 2020.[2]

7.

All defendants are diverse from plaintiff. All defendants, including Schindler, join in and consent to this Notice of Removal and Jury Demand.

8.

In his Petition for Damages, plaintiff alleges that he was injured when he fell down an escalator at the Eldorado Hotel and Casino in Shreveport, Louisiana.

---

[2] Plaintiff originally named Otis Elevator Company in this lawsuit, but has since dismissed them from the lawsuit.

9.

Plaintiff alleges that due to the accident he suffered injuries to his neck, head, shoulders, knees, abdomen, legs, and left arm.

10.

Plaintiff further alleges general and special damages.

11.

Plaintiff also alleges that he will incur past, present and future pain and suffering and mental anguish, past, present and future medical expenses, disfigurement, emotional distress, interest, and court costs.

12.

Defendants aver, however, that such allegations are typical in personal injury cases and do not indicate the severity of plaintiff's true injuries. Moreover, plaintiff did not allege the amount of any medical bills incurred or any surgery needs.

13.

Consistent with Louisiana law, plaintiff does not allege any specific monetary amount for the value of the claims made in his Petitions. Nothing on the face of plaintiff's Petitions in state court suggested that the value of plaintiff's claims exceeded $75,000.00.

14.

As the Fifth Circuit has established, the information provided to defendants that the amount in controversy must exceed $75,000, must be "unequivocally clear and certain."  *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211-12 (5th Cir. 2002).  This standard was established to promote judicial economy and so that defendants faced with an equivocal record would not have to play a guessing game and engage in protective removals to prevent losing the right to remove.

15.

On November 20, 2020, plaintiff sent a letter to defendants that as a result of the accident at Eldorado, he suffered significant injuries.  Plaintiff offered to settle the matter for $250,000, an amount in excess of the threshold for federal jurisdiction.  (A copy of the letter is attached hereto as Exhibit B).

16.

Louisiana district courts have considered settlement demands as "valuable evidence" in determining the amount in controversy.  *Ford v. State Farm Automobile Ins. Co.*, 2009 WL 790150 (M.D. La.); *Lonon v. Prieto*, 2000 WL 913808 (E.D. La.).

17.

During the time this matter was pending in the First Judicial District Court, defendants had no basis to believe that the value of plaintiff's claims met the jurisdictional threshold of this Court.

18.

The receipt of plaintiff's settlement demand on November 20, 2020, constitutes defendants' first notice that this case became removable and defendants file this Notice of Removal within thirty (30) days thereof.

19.

Pursuant to 28 USC § 1446(b), this Notice of Removal is timely because the plaintiff's settlement demand received by defendants on November 20, 2020, constitutes an "other paper from which it was first ascertained that the case is one which is or has become removable," and the Notice of Removal is filed within one year after the commencement of the action.

20.

Accordingly, plaintiff's damage claims exceed the jurisdictional threshold of this Court.

21.

This Court has jurisdiction of this cause of action under 28 USC § 1332.

22.

The proper court for removal is the United States District Court for the Western District of Louisiana, Shreveport Division.

23.

Defendants file as Exhibit A herewith copies of the entire record in the district court, which consists of the following:

(1) Petition;

(2) Citation and Service Transmittal issued to Defendants;

(3) Amended Petition;

(4) Answer to Petition for Damages and Jury Demand by Eldorado;

(5) Request for Notice of Trial and Judgment by Eldorado;

(6) Dismissal of Otis Elevator Company;

(7) Answer to Petition for Damages and Jury Demand by Schindler; and,

(8) Jury Order.

24.

Defendants further show unto the Court that immediately upon the filing of this Notice of Removal, a copy of same shall be served upon all adverse parties and a copy filed with the Clerk of the First Judicial District Court, Caddo Parish, Louisiana, all in accordance with 28 USC § 1446(d).

25.

Defendants are entitled to and request a trial by jury in this matter.

Shreveport, Louisiana, this 14th day of December, 2020.

                        BLANCHARD, WALKER, O'QUIN & ROBERTS
                              (A Professional Law Corporation)

      By:    /s/ Scott R. Wolf
            Scott R. Wolf, Bar #28277

700 Regions Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967
E-Mail: swolf@bwor.com

ATTORNEYS FOR DEFENDANTS, ELDORADO CASINO SHREVEPORT JOINT VENTURE, ELDORADO RESORTS, INC., ELDORADO SHREVEPORT #1, LLC, ELDORADO SHREVEPORT #2, LLC, and THOMAS R. REEG

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has this date been served upon the following by placing same in the United States Mail, postage paid:

    Honorable Mike Spence
    Caddo Parish Clerk of Court
    Caddo Parish Courthouse
    501 Texas Street, Room 103
    Shreveport, Louisiana 71101

    Bruce A. Flint, Esq.
    Flint & Soyars, P.C.
    2821 Richmond Road
    Texarkana, TX 75503

    Erin F. Lorio
    Litchfield Cavo LLP
    1261 W. Causeway Approach, Suite 200
    Mandeville, LA 70471

Shreveport, Louisiana, this 14th day of December, 2020.

                                                /s/ Scott R. Wolf
                                                OF COUNSEL