UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HENRY ROBINSON | CIVIL ACTION NO. 20-cv-1624 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ELDORADO RESORTS INC ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Henry Robinson ("Plaintiff") filed suit in state court for personal injury damages based on an allegation that he fell and was injured while riding an escalator at the El Dorado casino in Shreveport. Five defendants removed the case based on an assertion of diversity jurisdiction. Before the court is Plaintiff's Motion to Remand (Doc. 11) on the grounds that (1) there is not complete diversity of citizenship and (2) the removing defendants have not demonstrated that the amount in controversy exceeds $75,000. For the reasons that follow, it is recommended that the motion to remand be denied.

**Relevant Allegations and Facts**

Plaintiff alleges in his amended petition filed in state court that he is a domiciliary of Louisiana and was visiting the El Dorado Resort & Casino when he placed his hand on the rail of an escalator while holding his cane in his other hand. Suddenly, he alleges, the escalator jerked and propelled him down the steps to the first floor. Plaintiff alleged that he suffered a broken collarbone, gashes to his head that required 16 staples, an unspecified head injury, and cuts and abrasions to his shoulders, knees, abdominal wall, and left

forearm. The ridges from the escalator allegedly ripped into his skin on his knee, ribcage, and legs. Plaintiff alleged that he now has a limited range of motion in his neck, and he feels "a crunching sensation popping in his neck" when he attempts to turn his head. Plaintiff prayed for an award of reasonable damages for pain and suffering, past and future medical expenses, disfigurement, and emotional distress.

Plaintiff's counsel sent defense counsel a letter in November 2020 that proposed to settle the case for $250,000. The letter described the alleged injuries, just as in the amended petition, and it included eight photographs of the 82-year-old Plaintiff that depicted his injuries.

Four El Dorado entities and Thomas R. Reeg (alleged CEO of El Dorado) promptly filed a notice of removal based on diversity jurisdiction. They alleged that the El Dorado entities and Mr. Reeg are citizens of Nevada. Codefendant Schindler Elevator Corporation was described as a Delaware corporation with it principal place of business in New Jersey, and it was noted that Plaintiff dismissed his claims against codefendant Otis Elevator Company prior to removal. With respect to the amount in controversy, the notice of removal pointed to the allegations in the petition and the $250,000 settlement demand.

Eight days after the case was removed, counsel for Plaintiff sent a letter to defense counsel as follows:

> As you are aware, Federal Court has jurisdiction over cases wherein the parties have diverse citizenship, which this case does not, and/or wherein the amount of money in controversy exceeds $75,000, which our previous demand letter of November 20, 2020 claimed. Having discussed this case further with our expert, and with my client, we believe that this case does not, in fact, exceed $75,000. The purpose of this letter is to stipulate to that fact.

>Therefore, we ask that this matter be remanded back to state court and its jurisdiction.

**Diversity of Citizenship**

Plaintiff is a citizen of Louisiana, so the requirement of complete diversity means that no defendant may share his citizenship. Defendants allege that defendant Schindler is a Delaware corporation with its principal place of business in New Jersey, and Mr. Reeg is alleged to be a domiciliary of Nevada. Plaintiff dismissed Otis as a defendant prior to removal, so its citizenship (unknown) is not relevant to diversity.[1] The other defendants are four El Dorado entities, and the citizenship of each of them is set forth in in the notice of removal. Defendants explain in their notice that El Dorado Casino Shreveport Joint Venture is a limited partnership with two partners: El Dorado Shreveport #1, LLC and El Dorado Shreveport #2, LLC. The sole member of each of those LLCs is El Dorado Resorts, Inc., a Nevada corporation with its principal place of business in Nevada. This description addresses the citizenship of each of the four El Dorado defendants under the applicable rules and indicates that each is a citizen of Nevada (and no other state).

Plaintiff argues in his motion to remand that El Dorado Casino Shreveport Joint Venture shares his Louisiana citizenship because records filed with the Louisiana Secretary of State indicate that it is a Louisiana partnership with a domicile address in Shreveport. The citizenship of a corporation is based on its state of incorporation and state where it has

---

[1] "The citizenship of a defendant voluntarily dismissed from the suit prior to the removal need not be considered in the diversity calculation since a case becomes removable if the plaintiff voluntary dismisses its claims against a nondiverse defendant." Johnson v. Winn-Dixie Mkt. Place, #1559, 2016 WL 8716901, *1 (W.D. La. 2016) (Hanna, M.J.).

Page 3 of 8

its principal place of business. 28 U.S.C. § 1332(c)(1). But the statutory provision regarding the citizenship of a corporation is not applicable to a partnership. Carden v. Arkoma Associates, 110 S.Ct. 1015, 1022 (1990); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) ("The plain language of Section § 1332(c)(1) is simply not applicable to unincorporated associations."). The citizenship of a partnership or other unincorporated association is based on the citizenship of each of its partners or members. Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990); Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1994).

The removing defendants alleged with specificity the members of each of the three unincorporated El Dorado entities and explained how they are each citizens of Nevada. The fact that the Joint Venture partnership may have been organized under Louisiana law or that it has a domicile address in Louisiana is not relevant to the citizenship of the entity for purposes of diversity jurisdiction. The removing defendants have demonstrated that there is complete diversity of citizenship between Plaintiff (Louisiana) and all defendants (Delaware, New Jersey, Nevada).

**Amount in Controversy**

Plaintiff's petition, in accordance with Louisiana law, did not set forth a demand for a specific amount of damages. When state law is such, a defendant's notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a).

The burden is on the removing party to show that removal is proper, and any doubts should be resolved against federal jurisdiction. Vantage Drilling Co. v. Hsin-Chi Su, 741 F.3rd 535, 537 (5th Cir. 2014). Defendants may satisfy their burden on that issue by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy— in the notice of removal or an affidavit—that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

Defendants met their burden in this case by pointing to Plaintiff's allegations in his petition of several, specific injuries (broken collarbone, gashes to his head that required 16 staples, crunching sensation in neck, multiple cuts to body, etc.) plus the $250,000 settlement demand. District courts throughout Louisiana have often acknowledged that such pre-suit offers or demands are "valuable evidence" in determining the amount in controversy. Lowrie v. Wal-Mart, 2015 WL 9685508, *2 (W.D. La. 2015) (Hornsby, M.J.) (collecting cases). The facts alleged in the petition and settlement letter, plus the $250,000 settlement offer, were more than adequate to satisfy the removing defendants' burden of showing by a preponderance that the amount in controversy exceeds $75,000.

Plaintiff attempts to avoid federal jurisdiction by pointing to his post-removal letter in which counsel expressed a change of heart and decided, without particular explanation, that the value of the case plummeted from $250,000 to less than $75,000. The letter also stipulates that damages do not exceed the federal jurisdictional amount.

Post-removal stipulations and affidavits have limited effect. "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of

removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia v. Wal–Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." Id. See also Pollet v. Sears Roebuck & Co., 46 Fed. Appx. 226 (5th Cir. 2002) (plaintiff's post-removal actions, including post-removal settlement demands, were immaterial to determination of whether her claims exceeded $75,000).

Plaintiff did not offer an affidavit or otherwise provide specific facts about why his injuries and damages, recently valued at $250,000, were suddenly worth less than $75,000. Rather, counsel offered only a bare stipulation that the case does not exceed $75,000, which was immediately followed by a request that the case be remanded to state court. That conclusory offering provides no facts that would help clarify any ambiguities, and courts have often rejected similar efforts to defeat removal. See, e.g., Thomas v. Rain CII Carbon, LLC, 2018 WL 2149225, *4 (E.D. La. 2018) (Lemelle, J.) (insufficient that plaintiff "certifies that the amount in dispute is $75,000" because it was conclusory and did not clarify any ambiguity); Hinkle v. USAA Gen. Indem. Co., 2017 WL 4411052, *5 (M.D. La. 2017) (Wilder-Doomes, M.J.) (stipulation from counsel that amount in controversy does not exceed $75,000 did not warrant remand); Manshack v. Ocwen Loan Servicing, LLC, 2014 WL 5500456, *4 (W.D. La. 2014) (Hornsby, M.J.) (counsel's post-removal affidavit that the amount in controversy did not meet the jurisdictional amount was of limited effect due to lack of clarifying facts); Costello v. Capital One NA, 2008 WL

Page 6 of 8

1766983, *3 (W.D. La. 2008) (Hornsby, M.J.) (mere post-removal stipulation that damages did not exceed $75,000 was not supported by factual explanation so did not resolve any ambiguity); and Levith v. State Farm Fire & Cas. Co., 2006 WL 2947906, *3 (E.D. La. 2006) (Vance, J.) (post-removal statement that "the amount in dispute is less than $75,000" did not clarify an initially ambiguous amount in controversy). The letter from counsel offered in this case is insufficient to overcome the finding that the removing defendants met their burden of demonstrating the amount in controversy exceeded $75,000 at the time of removal.

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 11) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of February, 2021.

Mark L. Hornsby
U.S. Magistrate Judge